**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re<br><br>RS FIT NW, LLC,<br><br>*Debtor*. | ) | Chapter 11<br><br>Case No. 20-11568 (KBO) |
| RHONDA HUDSON,<br><br>*Appellant*,<br><br>v.<br><br>RS FIT NW, LLC,<br><br>*Appellee.* | ) | Civil Action No. 24-448 (GBW) |

**APPELLEE'S OPPOSITION TO
APPELLANT'S MOTION FOR RECONSIDERATION**

On March 17, 2025, the United States District Court for the District of Delaware (this "Court") entered an order (the "Dismissal Order") that, among other things, dismissed the appeal of Rhonda Hudson (the "Appellant"). On October 23, 2025, Appellant filed a pleading at Docket No. 38 (the "Motion"), and RS FIT NW, LLC (the "Appellee"), construing the Motion liberally, interprets the Motion as a motion for reconsideration.[1] The Court should deny the Motion because Appellant has not presented any reasonable grounds that warrant reconsideration. The Motion appears to merely disagree with the Dismissal Order, and it fails to identify any change in controlling law, new evidence, or clear legal error that would warrant reconsideration by this Court.

[1] The Court has also docketed the Motion as a motion for reconsideration. Should the Court ultimately determine that the Motion is not a motion for reconsideration, Appellee reserves all rights to respond and to assert any arguments in opposition.

## ARGUMENT

Appellant's Motion should be denied because it does not satisfy any of the narrow circumstances under which a motion for reconsideration may be granted. To alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure,[2] a party must demonstrate that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (citations omitted).

The Motion does not identify any circumstances that meet this standard. Appellant does not argue that the Court patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citations omitted). The Motion emphasizes and recites the facts and arguments of Appellant's original brief, which has already been decided.

### I. THE MOTION DOES NOT MEET THE STANDARD FOR RECONSIDERATION BECAUSE NO NEW ARGUMENTS ARE RAISED AND NO NEW EVIDENCE IS PRESENTED

While the exact relief being sought is unclear, the Motion appears to disagree with the Dismissal Order without presenting any new evidence or change of law. Appellant asserts the same arguments in the Motion as she does in her original brief, namely that she is entitled to "split shift" premiums and other wage-related relief under New York law. (D.I. 19 at 1–24.) Because Appellant previously raised these arguments and they neither present newly discovered evidence

[2] Rule 59(e) of the Federal Rules of Civil Procedure is incorporated by reference in Rule 9023 of the Federal Rules of Bankruptcy Procedure and Rule 7.1.5 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

nor demonstrate manifest error, they do not meet the standard imposed by Rule 59(e) of the Federal Rules of Civil Procedure.

Courts have routinely rejected the grounds that are the basis for the Motion, namely "a request that [the] court rethink a decision already made[.]" *See Smith v. Meyers*, No. 09-cv-00814, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009) (denying a motion for reconsideration where the plaintiff failed to meet the standard imposed by Rule 59(e)); *see also Intel Corp. v. Future Link Sys., LLC*, No. 14-cv-00377, 2017 U.S. Dist. LEXIS 14352, at *2 (D. Del. Jan. 27, 2017) (denying appellant's motion for reconsideration because appellant "simply repeats arguments that were previously raised . . . and does not add anything that could not have been presented to the Court before"). "[R]epetition of arguments that were or should have been presented to the court previously" are not proper grounds to reconsider. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom. United States v. Carper*, 22 F.3d 303 (3d Cir. 1994).

## II. THE MOTION DOES NOT COMPORT WITH FEDERAL RULE OF CIVIL PROCEDURE 59(e) OR FEDERAL RULE OF BANKRUPTCY PROCEDURE 8013(a)(2)(A)

Federal Rule of Civil Procedure 59(e) states that motions to "alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Motion does not comport with this rule because it was filed on October 23, 2025, 220 days after the entry of the Dismissal Order. Federal Rule of Bankruptcy Procedure 8013(a)(2)(A) states that a motion "must state with particularity the grounds for the motion, the relief sought, and the legal argument supporting it." The Motion, which is difficult to comprehend, fails to clearly identify the specific relief requested or present any particular legal arguments. Rather, it appears to merely disagree with the Dismissal Order. While pleadings submitted by parties appearing *pro se* are held to "less stringent standards than formal pleadings drafted by lawyers," litigants still must "abide by the same rules that apply to all other litigants." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## CONCLUSION

For at least the foregoing reasons, the Court should deny Appellant's motion.

Dated: October 30, 2025
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-and-

ROPES & GRAY LLP
Ryan Preston Dahl (*admitted pro hac vice*)
Eric M. Sherman (*admitted pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel for Appellee*