**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RS FIT NW, LLC,<br><br>*Reorganized Debtor*.[1] | Chapter 11<br><br>Case No. 20-11568 (KBO) |
| RHONDA HUDSON,<br><br>*Appellant*,<br><br>v.<br><br>RS FIT NW, LLC,<br><br>*Appellee*. | Civil Action No. 24-00448 (GBW)<br><br>**Re: D. Del. D.I. 42** |

**REORGANIZED DEBTOR'S OBJECTION TO RHONDA HUDSON'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B) (D. DEL. D.I. 42)**

The above-captioned reorganized debtor (the "Reorganized Debtor") in the chapter 11 case (the "Chapter 11 Case") respectfully files this objection (the "Objection") to the *Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)* (the "Hudson Motion") submitted by Rhonda Hudson ("Claimant") to the Bankruptcy Court on March 26, 2026 (Bankr.

1 The Reorganized Debtor in the Chapter 11 Case, along with the last four digits of the Reorganized Debtor's federal tax identification number is RS FIT NW LLC (9372). Pursuant to the *Final Decree (I) Closing Affiliate Cases and (II) Granting Related Relief* (Bankr. D.I. 7), dated March 16, 2021, the reorganized debtor affiliates' chapter 11 cases were closed. Pursuant to the *Order and Final Decree (I) Closing the Chapter 11 Cases, (II) Terminating the Engagement of the Claims and Noticing Agent, and (III) Granting Related Relief* (Bankr. D.I. 1022), dated December 10, 2025 (the "Final Decree"), the Chapter 11 Case was closed. The Reorganized Debtors' corporate headquarters and service address is 24 Hour Fitness USA, Inc., 1265 Laurel Tree Lane, Carlsbad, CA 92011.

D.I. 1030), and to the District Court on March 27, 2026 (D. Del. D.I. 42).[2] In support of this Objection, the Reorganized Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

The Hudson Motion should be denied to bring finality to Claimant's extensively litigated claims that have been fully considered by the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") after an evidentiary hearing and affirmed on appeal by the United States District Court for the District of Delaware (the "District Court"). For the reasons set forth herein, the Hudson Motion fails to satisfy Rule 60 of the Federal Rules of Civil Procedure ("FRCP") and Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because the Hudson Motion is procedurally improper, untimely, and fails to meet the standards for relief under Bankruptcy Rule 9024 and FRCP Rule 60.

As a threshold matter, the Hudson Motion is untimely and can be denied for that reason alone. The Bankruptcy Court entered an order disallowing Claimant's proofs of claim on March 27, 2024 (Bankr. D.I. 861) (the "Bankruptcy Court Disallowance Order"), and the District Court entered an order denying Claimant's appeal on March 17, 2025 (D. Del. D.I. 35) (the "District Court Appeal Denial Order"). Instead of timely appealing the District Court's order, Claimant instead filed the Hudson Motion in the Bankruptcy Court on March 26, 2026, and in the District Court on March 27, 2026, which Claimant admits exceeds the one-year limitation under FRCP Rule 60. Claimant's delay is unreasonable under the circumstances and a year past the deadline of March 27, 2025, to file for relief under FRCP Rule 60(b)(1)–(3) as to the Bankruptcy

---

[2] The docket of the bankruptcy case, captioned *In re RS FIT NW LLC*, No. 20-11568 (KBO) (Bankr. D. Del.), is cited herein as "Bankr. D. I. __." The docket of the civil case, captioned *Hudson v. RS FIT NW LLC*, No. 24-448 (GBW) (D. Del. 2026), is cited herein as "D. Del. D.I. __."

Court Disallowance Order and nine days after the deadline of March 17, 2026, as to the District Court Appeal Denial Order.[3]

The Hudson Motion should also be denied because it substantively fails to justify relief under FRCP Rule 60 and Bankruptcy Rule 9024. The Hudson Motion, at its core, seeks to vacate the Bankruptcy Court Disallowance Order and the District Court Appeal Denial Order by alleging, among other things, that the Bankruptcy Court and District Court misapplied or misinterpreted New York law (Hudson Mot. at §§ III(A), V), did not consider "newly discovered evidence" based on specific provisions of an employee handbook (the "Employee Handbook") and proposed New York Senate Bill 7096 ("NYSB 7096") supplementing split-shift pay rules (Hudson Mot. at § III(B)) and relied on false or misleading testimony of the Reorganized Debtor's representative (Hudson Mot. at § III(C)). Each of those allegations is unsubstantiated under the circumstances. Claimant could have raised each of these issues when her claims were being considered by the Bankruptcy Court, but failed to do so. Claimant also could have raised these issues (to the extent preserved for appeal) in connection with a timely appeal of the District Court Appeal Denial Order, but also failed to do so. Claimant now seeks a "backdoor" appeal by filing the Hudson Motion nearly two years after participating in an evidentiary hearing and taking issue with the Bankruptcy Court's well-reasoned nine-page opinion that addresses substantially all of the defects alleged in the Hudson Motion, including (1) analyzing Claimant's claims under New York labor law and the applicable split-shift pay laws, (2) considering evidence proffered at an evidentiary hearing including excerpts from the Employee Handbook that Claimant submitted along with the

[3] The Hudson Motion is postmarked as of March 17, 2026, but was not docketed by the Bankruptcy Court clerk until March 26, 2026 and by the District Court clerk until March 27, 2026. Under these circumstances, the docketing date should apply for purposes of calculating when the Hudson Motion was filed. *See* Fed. R. Civ. P. 5(d)(2); *see also Rexhaj v. Att'y Gen. of the U.S.*, No. 10-4469, 2011 WL 11767244, at *1 (3d Cir. 2011) ("For the purposes of determining timeliness, the date on which the Clerk receives the filings governs.").

legislative history of NYSB 7096, and (3) considering the testimony of witnesses available to Claimant for cross-examination. The District Court then properly considered Claimant's appeal in a seventeen-page order and considered, among other things, the Bankruptcy Court's analysis on split-shift pay rules under New York law and noted the Bankruptcy Court's analysis regarding NYSB 7096, and ultimately affirmed the Bankruptcy Court Disallowance Order.

Under these circumstances, Claimant has been afforded ample due process to prosecute and be heard on her claims in both the Bankruptcy Court and the District Court. Claimant's efforts to relitigate her claims fall short of any "extraordinary" circumstances justifying relief under FRCP Rule 60(b)(6) and further consideration, hearings, and motions on Claimant's well-considered and fully-adjudicated claims would not favor the interests of justice. For the reasons set forth above and herein, the Reorganized Debtor requests that the Hudson Motion be denied with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. CLAIMANT'S CLAIMS, EVIDENTIARY HEARING, AND BANKRUPTCY COURT'S DISALLOWANCE OF CLAIMANT'S CLAIMS IN 2024

1. From August through December 2020, Claimant filed three proofs of claim against debtor 24 Hour Fitness Worldwide, Inc. asserting, among other things, (a) accrued but unpaid split-shift pay throughout the course of Claimant's employment with 24 Hour Fitness[4] (Proof of Claim No. 9404 (Aug. 25, 2020)) (the "Split Shift Claim"), (b) accrued but unpaid commission from membership sales of 24 Hour Fitness' fitness club throughout the course of Claimant's employment with 24 Hour Fitness (Proof of Claim No. 24973 (Oct. 1, 2020)) (the "Sales Commission Claim"), and (c) damages for alleged discrimination based on sex, sexual

[4] As a technical matter, Claimant was employed by 24 Hour Fitness USA, Inc. ("24 Hour Fitness"), one of the Reorganized Debtors' affiliates.

orientation, race, and age (Proof of Claim No. 27128 (Dec. 14, 2020)) (the "Discrimination Claim" and, together with the Split Shift Claim and the Sales Commission Claim, the "Hudson Claims").

2. In August 2023, Claimant filed the *Motion for Summary Judgment* in the Chapter 11 Case seeking payment in full on account of the Hudson Claims, plus punitive damages (Bankr. D.I. 781) (the "Summary Judgment Motion") and the Reorganized Debtor filed an objection thereto (Bankr. D.I. 782) (the "Response to Summary Judgment").

3. In connection with the briefing and hearing on the Hudson Claims, Claimant filed several pleadings in support and submitted witnesses and evidence, including excerpts of the Employee Handbook (Response from Creditor, Bankr. D.I. 809; Additional Decl. in Supp. of Claims, Bankr. D.I. 838). The Reorganized Debtor filed several responsive pleadings, along with a declaration of Katie Healon, the Senior Director of Treasury and Pay Process of the Reorganized Debtor (Bankr. D.I. 782 at Ex. B) (the "Healon Declaration"). The Healon Declaration was served on the Claimant (Aff. of Serv., Bankr. D.I. 854).

4. On February 27, 2024 (the "Claims Hearing"), the Bankruptcy Court held a hearing on the Hudson Claims and the various pleadings filed therewith, including the Summary Judgment Motion. Claimant was present at the Claims Hearing. At the Claims Hearing, the Reorganized Debtor offered into evidence the Healon Declaration (Tr. of Claims Hr'g at 11:6–11). The Bankruptcy Court asked at the Claims Hearing whether Claimant "object[ed] to Ms. Healon's declaration being admitted into evidence" and the Claimant responded "No." (*Id.* at 11:13–20). During the course of the Claims Hearing, the Bankruptcy Court asked the Claimant to "confirm that you do not wish to cross-examine Ms. Healon on the substance of her testimony by declaration" and the Claimant responded "I don't have any questions for Ms. Healon, however I do intend to go through her declaration and explain why it's not proper or correct."

(*Id.* at 15:9– 21). At the Claims Hearing, Claimant explained her views on what constituted a workday (*Id.* at 17:23–18:3), her title and role (*Id.* at 18:4–25, 19:1–7), and referenced excerpts from the Employee Handbook (*Id.* at 18:14–19:15, 21:22–25).

5. On March 27, 2024, the Bankruptcy Court entered the Bankruptcy Court Disallowance Order denying Claimant's Summary Judgment Motion and disallowing each of the Hudson Claims in their entirety (Bankr. Court Disallowance Order, Bankr. D.I. 861). The Bankruptcy Court Disallowance Order, among other things, analyzed New York split-shift pay law (Bankruptcy Court Disallowance Order at § II(A)), considered the lack of legislative history related to NYSB 7096 (Bankruptcy Court Disallowance Order at n.27), and considered the evidence in the record including Claimant's submission of excerpts from the Employee Handbook (Bankruptcy Court Disallowance Order at § II(B)).

### B. CLAIMANT'S APPEAL TO DISTRICT COURT IN 2024 AND CONSIDERATION BY DISTRICT COURT IN 2025

6. On April 10, 2024, Claimant appealed the Bankruptcy Court Disallowance Order to the District Court (Notice of Appeal, D. Del. D.I. 2). No parties requested oral argument (District Court Appeal Denial Order at 6).

7. On March 17, 2025, the District Court entered the District Court Appeal Denial Order. The District Court Appeal Denial Order reviewed the Bankruptcy Court Disallowance Order for clear error of factual findings and abuse of discretion (District Court Appeal Denial Order at § II). In the District Court Appeal Denial Order, the District Court affirmed the Bankruptcy Court Disallowance Order through a seventeen-page decision discussing among other things, (a) New York split-shift law and the Bankruptcy Court's application of that law to Claimant's Split Shift Claim (District Court Appeal Denial Order at § III(B)), (b) the lack of legislative history related to NYSB 7096 (District Court Appeal Denial Order at n.3), and (c) the

Bankruptcy Court's interpretation of the Employee Handbook in connection with Claimant's disaster pay claim (District Court Appeal Denial Order at § III(D)). Claimant did not file a further or timely appeal of the District Court Appeal Denial Order.

**C. CLAIMANT FILES THE HUDSON MOTION IN 2026**

8. On or around March 17, 2026, Claimant mailed the Hudson Motion to the Bankruptcy Court and District Court, which was docketed on March 26, 2026 (Bankr. D.I. 861) and March 27, 2026 (D. Del. D.I. 42), respectively. The Hudson Motion substantively requests that the Bankruptcy Court and District Court vacate and modify their prior orders, citing FRCP Rule 60 and Bankruptcy Rule 9024, on the basis that:

a. the Bankruptcy Court and the District Court committed significant mistakes in applying New York employment and labor law (Hudson Mot. at §§ III(A), V);

b. Claimant discovered new evidence that was purportedly not previously available, including specific provisions of the Employee Handbook and NYSB 7096 (Hudson Mot. at §§ II(9), III(B), V(B)); and

c. the Reorganized Debtor's witness at the Claims Hearing, Katie Healon, provided false and misleading testimony regarding the definition of a workday, Claimant's employment capacity, and the calculation of pay (Hudson Mot. at § III(C)).

The Hudson Motion acknowledges that as to the Bankruptcy Court Disallowance Order "more than one year has elapsed" (Hudson Mot. at § VI) and requests equitable tolling for reasons substantively similar as above.

## LEGAL STANDARD

9. A party may seek relief from a final judgment, order, or proceeding in bankruptcy court under FRCP Rule 60(b), which provides that upon motion and just terms, a court may relieve a party or its legal representative from final judgment, order, or proceeding for the below reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . .; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also* Fed. R. Bankr. P. 9024.

10. The United States Supreme Court has noted that "a very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847, 873 (1988). The burden rests squarely on the movant to demonstrate that the requirements of one or more subsections of FRCP Rule 60(b) have been satisfied. *See generally Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). FRCP Rule 60(b) does not provide a vehicle for relitigating issues that were or could have been raised on appeal and is not a substitute for appellate review. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) ("[A] Rule 60(b) motion may not be used as a substitute for appeal."). *See also Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987); *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977).

11. Under FRCP Rule 60(c)(1), a motion under FRCP Rule 60(b) must be made "within a reasonable time," and with respect to relief under FRCP Rule 60(b)(1), (2), or (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The United States Supreme Court has established that to obtain FRCP 60(b)(6) relief more than one year after the entry of a final judgment, a party must be "faultless in the delay." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Courts consider many factors in evaluating whether a motion was filed within a "reasonable time," including "finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Johnson v. Life Ins. Co. of N. Am.*,

626 F. App'x. 379, 383 (3d Cir. 2015) (affirming denial of claimant's FRCP Rule 60(b) motion that was filed eleven months after the court dismissed claimant's case due to finding no reasonable excuse for delay). However, "the one-year cut-off is an 'extreme limit,' and the motion may be rejected as untimely if not made within a reasonable time even though the one-year period has not expired." *Id.*

**THE HUDSON MOTION SHOULD BE DENIED**

**A. THE HUDSON MOTION IS UNTIMELY**

12. Claimant admits that with respect to relief under FRCP Rule 60(b)(1)–(3), more than one year has elapsed (Hudson Mot. at § VI). Under FRCP Rule 60(c)(1), motions for relief under FRCP Rule 60 must be filed within a "reasonable time," and in the case of relief under FRCP Rule 60(b)(1)–(3), "no more than a year after the entry of the judgment or order." The one-year limitation under FRCP Rule 60(c)(1) is an absolute bar and not a statute of limitations subject to equitable tolling. *Colucci v. Beth Israel Med. Ctr.*, 531 F. App'x. 118, 121 (2d Cir. 2013) ("This one-year limitations period is 'absolute.'"); *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under FRCP Rule 60(b)(1), (2), or (3) a year after judgment."). Courts have consistently and uniformly held that FRCP Rule 60(c)'s one-year limitation is not subject to equitable modification. *See, e.g.*, *United States v. Williams*, 56 F.4th 366, 370, 373 (4th Cir. 2023) ("Rule 60(b)(3)'s one year time limit is a mandatory claim-processing rule that cannot be [equitably] tolled.").

13. Assuming the Hudson Motion is considered filed when it was docketed on March 26, 2026 as to the Bankruptcy Court and March 27, 2027 as to the District Court,[5] then it is untimely under FRCP Rule 60(c) and should be barred on that basis alone.

| Order | Date Docketed | FRCP Rule 60 Deadline | Result |
|---|---|---|---|
| **Bankruptcy Court Disallowance Order** | March 27, 2024 | March 27, 2025 | 364 days after one-year filing deadline |
| **District Court Appeal Denial Order** | March 17, 2025 | March 17, 2026 | 10 days after one-year filing deadline |

14. The Hudson Motion was also not filed within a "reasonable time" for purposes of considering any relief under FRCP Rule 60(b)(6). As outlined above, when determining whether a motion satisfies this standard, courts examine factors such as "finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Johnson*, 626 F. App'x. at 383. Application of each factor compels denial of the Hudson Motion.

15. First, Claimant failed to provide any reasonable explanation for her delay. By Claimant's own account, Claimant discovered purportedly new evidence in September or October 2025 (Hudson Mot. at § II(9)), which, as discussed more fully below, is not new evidence at all. Even crediting Claimant's own timeline, she waited approximately six months before filing the Hudson Motion after discovering such evidence, more than one year after entry of the District Court Appeal Denial Order, and nearly two years after entry of the Bankruptcy Court Disallowance

5 The Hudson Motion should be considered filed when it was docketed and not when Claimant postmarked the motion. *See* supra n.3.

Order. Under Third Circuit precedent, such delay without reasonable explanation is precisely the basis for concluding a motion is not timely filed pursuant to FRCP Rule 60(b). *See, e.g.*, *Johnson*, 626 F. App'x. at 383. Second, Claimant had every practical ability to learn of the grounds for the Hudson Motion far earlier. The arguments raised in the Hudson Motion, including those concerning the Employee Handbook, NYSB 7096, and Ms. Healon's testimony, were available to Claimant during the original proceedings before the Bankruptcy Court and, subsequently, on appeal before the District Court. Indeed, Claimant raises the very same claims that were previously asserted in the Summary Judgment Motion and other pleadings and squarely addressed by both the Bankruptcy Court in the Bankruptcy Court Disallowance Order and the District Court in the District Court Appeal Denial Order. Accordingly, the Hudson Motion is an impermissible attempt to relitigate claims already resolved on the merits by two separate courts. Third, granting the Hudson Motion would cause prejudice to the Reorganized Debtor. The Chapter 11 Case has been closed for approximately 4 months, and the Reorganized Debtor has made distributions to nearly all creditors. Claimant elected not to file a further appeal of the District Court Appeal Denial Order, and the time to do so has long since expired. The prejudice to the Reorganized Debtor and the interests of finality weigh heavily against permitting Claimant to disturb the settled judgments of two courts years after the fact. Claimant offers no further explanation beyond her alleged new evidence to support that the Hudson Motion was filed "within a reasonable time" (Hudson Mot. at § IV) and that unsupported allegation is without merit (*Id.* at § VI). Thus, the Hudson Motion was not filed within a "reasonable time" for purposes of FRCP Rule 60(b).

**B. CLAIMANT FAILS TO SATISFY FRCP RULE 60(B)**

16. Even if the Court determines that Claimant can proceed notwithstanding the procedural deficiencies identified herein, the Hudson Motion should be denied because Claimant cannot satisfy the requirements of FRCP Rule 60(b).

### I. Claimant Fails to Identify Mistake, Inadvertence, Surprise, or Excusable Neglect to Satisfy FRCP Rule 60(b)(1)

17. FRCP Rule 60(b)(1) is intended to offer movants relief from a final order or judgment due to mistake, inadvertence, surprise, or excusable neglect. Generally, "mistake" under FRCP Rule 60(b)(1) provides for the reconsideration of judgments when a party made an excusable litigation mistake or the judge made a substantive mistake of law or fact (for example, applied the wrong statute, ignored binding precedent, or misinterpreted legal standards). *See Kemp v. U.S.*, 596 U.S. 528, 534, 539 (2022) (finding that the District Court's misapplication of controlling law was a sufficient judicial mistake for the movant's FRCP Rule 60(b) motion "to be cognizable under FRCP Rule 60(b)(1)"); *In re Shannopin Mining Co.*, No. 96-2185, 2002 WL 31002883, at *25 (W.D. Pa. July 15, 2002) ("[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where (1) a party had made an excusable litigation mistake . . . or (2) where the judge has made a substantive mistake of law or fact."). FRCP Rule 60(b)(1) does not provide a vehicle for relitigating issues that were or could have been raised on appeal and an FRCP Rule 60(b)(1) motion is not a substitute for further appellate review. *See Smith*, 853 F.2d at 158 ("We have also held that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion."); *Martinez-McBean*, 562 F.2d at 911 ("[I]t is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal.").

18. Claimant contends that the Court and the District Court "made significant mistakes" in applying New York employment and labor law and simply identifies various broad provisions of New York labor law, such as the entirety of Article 6 (N.Y. Lab. Law, Article 6) that were not

previously raised[6] (Hudson Mot. at §§ III(A), V). The Hudson Motion does not articulate the relevance of these provisions and how they would alter the outcome of the Bankruptcy Court Disallowance Order or the District Court Appeal Denial Order, let alone how these provisions individually or together constitute the types of mistakes that would justify relief under FRCP Rule 60(b)(1). Many of the provisions cited in the Hudson Motion are either not directly applicable to the circumstances at hand (for example, N.Y. Lab. Law §§ 191-B-D, 650, which outline the frequency of payments for commission salespersons and the payment of sales commission, each of which are inapplicable to a service representative) or were in fact considered by the Bankruptcy Court, including the New York rules and regulations on compensation for employees (the "Labor Code") (N.Y. Comp. Codes R. & Regs tit. 12, § 142) (Bankruptcy Court Disallowance Order D.I. 861 at § II(A)) and affirmed by the District Court. The Labor Code is promulgated by the New York State Department of Labor and defines how to implement requirements under New York labor law (N.Y. Lab. Law § 21(11)), including provisions cited by Claimant (for example, N.Y. Lab. Law § 190). Claimant herself concedes that Section 142 of the Labor Code is the "implementing regulations"[7] for New York labor law "to establish the spread of hours and split shift requirements." (Hudson Mot. at § V(B)).

19. The Bankruptcy Court issued a detailed opinion that addressed substantially all the defects now alleged in the Hudson Motion, including analyzing Claimant's claims under New

---

6 Claimant's assertion that her *pro se* status placed her at a disadvantage in presenting technical legal arguments also does not constitute grounds for relief under FRCP Rule 60(b)(1). *Pro se* status does not relieve a litigant of the obligations to comply with procedural rules or excuse substantive deficiencies in a motion. *See Siluk v. Beard*, 395 F. App'x. 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law."); *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005) ("Hedge's *pro se* status and depression do not justify equitable tolling.").

7 Section 142 of the Labor Code was promulgated by the Commissioner of Labor pursuant to N.Y. Lab. Law §§ 21(11), 652, and 673(1), under Article 19 of the New York Labor Law. *See* N.Y. Comp. Codes R. & Regs. tit. 12, pt. 142 (identifying statutory authority).

York labor law and the Labor Code (including the split-shift pay laws) (Bankruptcy Court Disallowance Order at § II(A)) and citing support from a "Sponsor Memo" from NYSB 7096 (Bankruptcy Court Disallowance Order at n.27). The District Court then properly considered Claimant's appeal in a well-reasoned order, considering the Bankruptcy Court's analysis on split-shift pay rules under New York labor law (District Court Appeal Denial Order at § III(B)) and the Bankruptcy Court's analysis regarding NYSB 7096 (District Court Appeal Denial Order at n.3), and affirmed the Bankruptcy Court Disallowance Order (District Court Appeal Denial Order at § IV).

20. Simply put, the "mistake" from Claimant's perspective is the adverse outcome in the Bankruptcy Court and the District Court, and the Hudson Motion is an attempt to relitigate issues—yet again—that have already been resolved.

**II. There Is No "Newly Discovered" Evidence to Justify Relief under FRCP Rule 60(b)(2)**

21. FRCP Rule 60(b)(2) permits relief based on "newly discovered evidence" that, with reasonable diligence, could not have been discovered in time for the original proceedings. To constitute newly discovered evidence, the evidence must "(1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc., Wang Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995); *see Brown v. William Penn Sch. Dist.*, No. 18-03674, 2020 WL 4436851, at *3 (E.D. Pa. Aug. 3, 2020) (finding that evidence was "cumulative" when it would "merely reiterate the same" evidence presented at trial). Courts will generally not consider evidence that was contained in public records at the time of trial as newly discovered evidence. *See Music Rsch., Inc. v. Vanguard Recording Soc'y, Inc.*, 547 F.2d 192, 196 (2d Cir. 1976) (finding that a publicly released record by defendant three months before

trial was "hardly the type of evidence with which due diligence the appellants could not have discovered").

22. The Hudson Motion asserts in various places that Claimant "discovered new evidence that was not previously available to her, including specific provisions of the Employee Handbook and New York Senate Bill 7096 . . . ." (Hudson Mot. at §§ II(9), V(B)(30), VI(38)). Excerpts of the Employee Handbook were part of the evidentiary record considered by the Bankruptcy Court in its Bankruptcy Court Disallowance Order, and NYSB 7096 was a legislative bill and a matter of public record at the time of the Bankruptcy Court Disallowance Order.

23. Claimant submitted an excerpt from the "Disaster Pay Policy" section of the Employee Handbook in support of her disaster pay claim (Additional Decl. in Supp. of Claims, Bankr. D.I. 838 at 7). Claimant now claims that "specific provisions of the employee handbook" were not previously available but does not articulate which provisions were not available or why they were unavailable or could not be discovered at the time of the original proceedings if Claimant had access to other sections (Hudson Mot. at § III(B)).

24. Similarly, NYSB 7096 was public record at the time of the Bankruptcy Court Disallowance Order and District Court Appeal Denial Order. In entering the Bankruptcy Court Disallowance Order and District Court Appeal Denial Order, both courts addressed the lack of legislative history and cited the "Sponsor Memo" from proposed NYSB 7096 as support for its conclusion that the split-shift pay analysis focuses on an individual's working day rather than the calendar day (Bankruptcy Court Disallowance Order, Bankr. D.I. 861 at n.27; District Court Appeal Denial Order, D. Del. D.I. 35 at n.3). NYSB 7096 was introduced in 2019, well before the Claims Hearing occurred in 2024 and when the Bankruptcy Court issued the Bankruptcy Court Disallowance Order and the District Court issued the District Court Appeal Denial Order.

25. Claimant also identifies additional categories of purported "new" evidence, including "pay stubs, employment records, and calculations showing unpaid wages" and "documentation of false testimony by Katie Healon." Claimant provides no explanation of what the evidence is or why such evidence could not have been earlier obtained with reasonable diligence. Bare references to categories of evidence—and unjustified and unsupported allegations of false testimony—without particularized showing of prior unavailability, are insufficient to satisfy FRCP Rule 60(b)(2).

### III. Claimant's Conclusory Fraud Allegations Fail to Satisfy the Clear and Convincing Standard Required under FRCP Rule 60(b)(3)

26. FRCP Rule 60(b)(3) requires clear and convincing evidence of fraud, misrepresentation, or misconduct. *See Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) ("[E]vidence must be clear and convincing."). This standard cannot be satisfied through conclusory allegations. *In re Koper*, 552 B.R. 208, 216 (Bankr. E.D.N.Y. 2016) (movant must do more than make "conclusory allegations of fraud"). To meet this burden, the movant must also demonstrate that the alleged misconduct would have made a difference to advancing the movant's case or changed the outcome of the proceedings. *See Floorgraphics, Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x. 109, 112 (3d Cir. 2011) (relief under FRCP Rule 60(b)(3) may be warranted "if such evidence 'would have made a difference' in advancing the moving party's claim"); *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) ("To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and this conduct prevented the moving party from fully and fairly presenting [their] case."); *In re Koper*, 552 B.R. at 217 (conduct must be "material to the outcome").

27. Claimant's allegations of fraud against witness Katie Healon are conclusory and wholly unsupported. Claimant alleges "false and misleading representations" regarding the

definition of a workday, Claimant's employment capacity, and the calculation of pay, but provides no particularized evidence. Despite these alleged false and misleading representations, Claimant received a copy of the Healon Declaration before the Claims Hearing, had the opportunity to cross-examine Katie Healon at the Bankruptcy Court's evidentiary hearing on February 27, 2024, and had an opportunity to object to the introduction of the Healon Declaration into the record (Tr. of Claims Hr'g at 11:13–20). The Claimant failed to rebut the veracity or admission of the Healon Declaration at the evidentiary hearing and the Healon Declaration was admitted into evidence by the Court without objection. (*Id.*). Through the Hudson Motion, Claimant is now attempting to use FRCP Rule 60(b)(3) as a vehicle to relitigate the merits of her claims by recasting unchallenged testimony as fraudulent. *See Fleming v. N.Y. Univ.*, 865 F.2d 478April 10, 2026, 484 (2d Cir. 1989) (FRCP Rule 60(b) "cannot serve as an attempt to relitigate the merits").

## IV. No Extraordinary Circumstances Justify Relief under FRCP Rule 60(b)(6)

28. FRCP Rule 60(b)(6) allows a movant to pursue relief from a final judgment or order for any other reason that justifies relief. The United States Supreme Court has consistently held that only "extraordinary circumstances" can justify relief under FRCP Rule 60(b)(6) and should only be granted when appropriate to accomplish justice. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 205–211 (2025); *Liljeberg*, 486 U.S. at 864 (FRCP Rule 60(b)(6) "should only be applied in extraordinary circumstances"); *Klapprott v. U.S.*, 335 U.S. 601, 614 (1949) (FRCP Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice").

29. No such extraordinary circumstances are present here. Claimant has had ample opportunity to be heard on her claims before both the Bankruptcy Court and District Court, to submit pleadings and evidence in furtherance of her positions, and an opportunity to appeal adverse

outcomes. Under these circumstances, Claimant has been afforded due process, and through the Hudson Motion is advancing substantially the same arguments previously asserted to no success.

30. Moreover, FRCP Rule 60(b)(6) is mutually exclusive with subsections (1) through (5). *BLOM*, 605 U.S. at 211 (2005) ("Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs."); *Kemp*, 596 U.S. at 533 (FRCP Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable"). The residual clause permitting relief for "any other reason that justifies relief" requires that the motion be based on some ground other than those addressed by subsections 60(b)(1)–(5). Because Claimant's FRCP Rule 60(b)(6) arguments are substantively identical to her arguments under FRCP Rule 60(b)(1) and (2), relief under FRCP Rule 60(b)(6) is inappropriate.

## CONCLUSION

31. For the foregoing reasons, the Reorganized Debtor respectfully requests that the Court sustain this Objection and deny the Hudson Motion.

## RESERVATION OF RIGHTS

32. The Reorganized Debtor reserves the right to amend, modify or supplement this Objection and to file additional objections to the Hudson Motion or to the Hudson Claims. The Reorganized Debtor also reserves the right to file a motion seeking sanctions against Claimant for vexatious litigation to the extent Claimant continues filing meritless pleadings.

Dated: April 10, 2026
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-and-

**ROPES & GRAY LLP**
Daniel Gwen (admitted *pro hac vice*)
Eric Sherman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Attorneys for the Reorganized Debtor*