IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE RS FIT NW, LLC, | : | Chapter 11 |
| Reorganized Debtor. | : | Case No. 20-11568 (KBO) |
| RHONDA HUDSON, | : | |
| Appellant, | : | |
| v. | : | |
| RS FIT NW, LLC, | : | Civ. No. 24-448 (GBW) |
| Appellee. | : | |

**MEMORANDUM**

This dispute arises out of the chapter 11 cases of 24 Hour Fitness Worldwide, Inc. ("24 Hour Fitness") and its debtor affiliates (collectively, the "Debtors") in connection with three proofs of claims filed by *pro se* appellant Rhonda Hudson (the "Appellant" or "Hudson") asserting claims against the Debtors for wages and commission that she is allegedly owed by 24 Hour Fitness, as her former employer, together with a claim that she was denied these wages and commission based on her former employer's discriminatory practices. On April 10, 2024, Appellant appealed the Bankruptcy Court's March 27, 2024 Memorandum Order (Bankr. D.I. 861)[1] (the "Disallowance Order") which (1) denied Appellant's motion for summary judgment on her claims, (2) sustained the Debtors' objection to the claims, and (3) disallowed Appellant's claims in their entirety. In connection with her appeal, Appellant filed a motion seeking to compel discovery (D.I. 28) (the "Motion to Compel"). On March 17, 2025, the Court issued its Memorandum (D.I. 35) and Order (D.I. 36) denying the Motion to Compel and affirming the Disallowance Order.

[1] The docket of the chapter 11 cases, captioned *In re RS Fit NW, LLC*, No. 20-1158-KBO (Bankr D. Del.), is cited herein as "Bankr. D.I. __."

On October 23, 2025, Appellant filed a pleading (D.I. 38) (the "Motion for Rehearing"), and although not entirely clear, construing that pleading liberally,[2] the Court interprets it as a motion for rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022. The Motion for Rehearing is opposed by the Debtor (D.I. 39). On March 27, 2025, Appellant filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (D.I. 42) (the "Rule 60(b) Motion") which seeks an order vacating or modifying this Court's Order affirming the Disallowance Order (*see id.* at 1), and which is fully briefed (D.I. 44, 46.) On September 14, 2026, Appellant filed a Motion to Transfer (D.I. 47) (the "Motion to Transfer"), which, while also unclear, appears to seek the transfer of this appeal, or the pending motions, to the U.S. District Court for the Southern District of New York. The Motion to Transfer is also opposed by the Reorganized Debtor. For the reasons set forth herein, these motions are procedurally improper, untimely, and lacking in support for the substantive relief requested. Accordingly, the Court will deny the Motion for Rehearing, the Rule 60(b) Motion, and the Motion to Transfer.

## I. BACKGROUND

### A. The Parties and the Chapter 11 Cases

From July 10, 2008 to June 11, 2020, Appellant worked as an employee at a fitness club located in New York City (the "Club"), owned and operated by the Debtor. (A000287-A000290 (the "Healon Declaration") ¶ 4.)[3] During most of her time there, Appellant held the position of "Service Representative Night" and covered the overnight shift from 10:00 p.m. to 6:00 a.m.,

---

[2] "[Appellant] proceeds *pro se*, and accordingly, we construe his pleadings liberally." *See Laughlin v. Peck*, 552 Fed. App'x 188, 190 (3d Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). While parties appearing pro se are afforded a greater degree of leniency and their pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," litigants must still "abide by the same rules that apply to all other litigants." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[3] The appendix (D.I. 23) filed in support of Appellees' answering brief is cited herein as "A__."

working the front desk of the Club where she facilitated the check in process and responded to service-related issues. (*Id.*; A000317-A000320.)

On June 15, 2020 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code and were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the Bankruptcy Code. On August 24, 2020, the Bankruptcy Court entered an order which, among other things, established October 2, 2020 at 5:00 p.m. (prevailing Eastern Time), as the deadline to file proofs of claim for persons or entities, not including Governmental Units as defined in section 101(27) of the Bankruptcy Code (the "General Bar Date") and proof of claim forms to be served on, among others, the Debtors' known creditors and other known parties in interest as of the Petition Date. (A000003, A0000010.)

**B. Appellant's Proofs of Claim**

On August 25, 2020, Appellant filed proof of claim no. 9404 asserting (i) a general unsecured claim in the amount of $265,881.52, and (ii) a priority non-tax claim in the amount of $13,650.00, for an aggregate amount of $279,531.52, on account of alleged accrued but unpaid split shift pay throughout the course of the Appellant's employment with the Debtor (the "Split Shift Claim"). (A000032-A000037.)

On October 1, 2020, the Appellant filed proof of claim no. 24973 asserting (i) a general unsecured claim in the amount of $283,728.96, and (ii) a priority non-tax claim in the amount of $13,650.00, for an aggregate amount of $297,378.96, on account of alleged accrued but unpaid commission from sales of the Club's membership throughout the course of Appellant's employment with the Debtor (the "Sales Commission Claim") and alleged unpaid compensation for the work day on January 23, 2016 when the Club was closed due to a snowstorm (the "Disaster Pay Claim"). (A000075-A000079.)

On December 14, 2020, after the General Bar Date, Appellant filed proof of claim no. 27128, asserting a general unsecured claim in the amount of $8,000,000.00 on account of damages for alleged discrimination based on sex, sexual orientation, race, and age (A000121-A000126) (the "Discrimination Claim" and, together with the Split Shift Claim, the Sales Commission Claim, and Disaster Pay Claim, the "Hudson Claims").

**C. The Plan of Reorganization**

On December 30, 2020, the *First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and its Affiliated Debtors* (A000148-A000249) (the "Plan") became effective. (*See* A000250-A000252.)

**D. Appellant's Summary Judgment Motion**

Thereafter, RS FIT NW, LLC and All Day Holdings LLC (the "Reorganized Debtor") negotiated with Appellant to resolve the Hudson Claims. On August 7, 2023, Appellant filed a motion for summary judgment (A000266-A000273) (the "Summary Judgment Motion"). Appellant asserted that the Debtors displayed (i) false pretenses, false representations, or actual fraud; (ii) fraud while acting in a fiduciary capacity; and (iii) willful malicious injury. Appellant further requested full payment of the Hudson Claims, notwithstanding that the Plan provided that payments on account of general unsecured claims less than $400,000 receive a distribution of 1% in cash. (A000177.) On August 21, 2023, the Reorganized Debtor filed a response asserting that the Hudson Claims and Summary Judgment Motion should be disallowed on procedural and substantive grounds (the "Claims Objection"). (A000274-A000286.) The Reorganized Debtor also filed the Declaration of Katie Healon, the Senior Director of Treasury and Pay Process for 24 Hour Fitness, in support of its response to the Summary Judgment Motion and the Claims Objection. (A000287-A000290.)

At a status conference on the Summary Judgment Motion and Claims Objection, the Bankruptcy Court explained to Appellant that the Reorganized Debtor had offered to allow her claims in their full amount and in the classifications that she had asserted, and that, if such a settlement were accepted, she would receive the recovery on her claims that is provided by the confirmed Plan. (*See* A000361-A000391 ("1/22/24 Tr.") at A000369-A000380). Appellant asserted that the Reorganized Debtor should not have the benefit of bankruptcy protections, based on its conduct, and that her claims were unique. (A000371-000374). The Bankruptcy Court carefully explained to Appellant that she was challenging the Plan discharge, that her argument that her claims should be treated differently than those of similarly situated creditors was a "potential uphill battle," and that if she moved ahead with an evidentiary hearing, "the debtor's offer to allow your claims in full will be removed from the table, and they will be pursuing their complete disallowance of your claims." (A000379.)

Appellant chose not to accept the settlement and chose to move forward with an evidentiary hearing, which was held on February 27, 2024 (the "Claims Hearing"). (*See* A000395-A000441 (Feb. 27, 2024 Hr'g Tr).) Appellant had the opportunity to cross-examine Katie Healon but did not, and the Healon Declaration was entered into evidence without objection. (A000444.)

On March 24, 2024, the Bankruptcy Court issued the Disallowance Order, sustaining the Claims Objection, denying Appellant's Summary Judgment Motion, and disallowing the Hudson Claims in their entirety. As a threshold matter, the Bankruptcy Court noted that, "[f]rustrated by the Reorganized Debtor's failure to pay her claims, Claimant filed the [Summary Judgment Motion] to have the Court consider the allowance and payment of her claims," but "the Court finds the Summary Judgment Motion procedurally incorrect." (Disallowance Order at 3.) As the Bankruptcy Court explained:

> 11 U.S.C. § 502(a) provides that "[a] claim . . ., proof of which is filed under section 501 [of the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." Once an objection is filed, the Court is then empowered by section 502(b) to determine whether to allow the disputed claim and in what amount. The confirmed plan and several subsequent orders of the Court set the deadline by which the Reorganized Debtor must file objections to proofs of claims asserted in the bankruptcy cases. That deadline has not yet expired. Therefore, the Reorganized Debtor's Claims Objection is timely and properly put before the Court the disputes with respect to the allowance of the Hudson Claims. The Court will deem Claimants' Summary Judgment Motion and related submissions as if a response to the Claims Objection.

*Id.* (footnotes omitted). On the merits of the Hudson Claims, the court found that "[a]fter considering the parties' arguments, the witness testimony, and the documentary submissions of [Appellant], the [Bankruptcy Court] concludes that there is no legal basis for the Hudson Claims." (*Id.*)

### E. The Appeal, Stay Motion, and Motion to Compel

On April 10, 2024, Appellant filed a timely notice of appeal with respect to the Disallowance Order. On April 19, 2024, Appellant filed a motion for stay of the Disallowance Order pending appeal. On May 23, 2024, following briefing and a hearing, the Bankruptcy Court denied the stay motion. On October 14, 2024, after Appellant and Appellee had each filed their opening briefs in this appeal, Appellant served the Reorganized Debtor with a *Notice of Intent to Serve Subpoena* (the "Subpoena"). An affidavit of service of the Subpoena was filed in the Bankruptcy Court. (Bankr. D.I. 942.) On October 28, 2024, the Reorganized Debtor responded to the Subpoena, stating that the Subpoena was procedurally and substantively invalid because, among other things, the matter is on appeal and the record on appeal has already been determined. (D.I. 28-1 at page 15 of 15.) On November 4, 2024, Appellant filed the Motion to Compel in this Court, seeking "full and complete discovery responses."

### F. The Memorandum and Order

On March 17, 2025, this Court issued its Memorandum and Order denying the Motion to Compel and affirming the Disallowance Order. As the Memorandum explained, under the Federal Rules of Civil Procedure, a party that wishes to enforce a subpoena must file a motion to compel the subpoena before the court for the district where compliance is required. (D.I. 35 at 7 (citing Fed. R. Civ. P. 45(d)(2)(B)(i).) As the Subpoena was issued through the Bankruptcy Court, the Bankruptcy Court is the appropriate venue for any motion which compels compliance with the Subpoena. By virtue of this Court's lack of jurisdiction over the Subpoena, and therefore the Motion to Compel, the only result can be denial of the relief requested in the Motion to Compel. This Court further explained that, even if service of the Subpoena was procedurally appropriate, discovery at the appellate stage is improper. (*Id.*) Bankruptcy Rule 8009(a)(1) requires appellants to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1). Consistent with that rule, appellate review is limited to the record as it existed in the bankruptcy proceeding and as designated as the record on appeal. And while Bankruptcy Rule 8009(e)(1) allows the record to be corrected or modified, it does not permit additional discovery on appeal. Fed. R. Bankr. P. 8009(e)(1).

Turning to the merits of the appeal, this Court affirmed the Disallowance Order with respect to each of Appellant's claims. With respect to her Split-Shift Claim, the Court looked to New York law, including the limited legislative commentary cited by the parties, and found no error in the Bankruptcy Court's conclusion that Appellant is not entitled to split shift pay based on consecutive 8-hour overnight shifts from 10:00 p.m. until 6:00 a.m., but rather that entitlement to split shift pay is determined on a workday basis, as opposed to a calendar day basis, as supported by case law. (*Id.* at 8-12.) With respect to the sales commission claim, the Court found no evidence in the record tending to show that she served in a commissionable role during her employment with the Debtor. (*Id.* at 12-14). With respect to the Disaster Pay Claim, after reviewing the portions of the Employee

Handbook cited by the parties, the Court found no error in the Bankruptcy Court's determination that Appellant was not entitled to compensation for the single lost work day due to the snowstorm. (*Id.* at 14-15.)

With respect to the Discrimination Claim, the Bankruptcy Court observed that it rested solely on "[Appellant's] fundamental belief that she was entitled to her wage and commission claims." (Disallowance Order at 8.) Based on its separate determinations that Appellant's Split Shift Claim, Disaster Pay Claim, and the Sales Commission Claim, were not supported by New York law or company policy, and given the absence of other independent facts to support the claims of discrimination and fraud, the Bankruptcy Court concluded that the Discrimination Claim and Fraud Claims must necessarily fail. (*Id.*) This Court agreed, explaining that, while the Discrimination Claim asserted that the Reorganized Debtor's failure to pay Appellant's claims rested on discrimination and other improper motivations, Appellant did not provide any evidence to support that the alleged discrimination occurred, and merely asserted that her former employer's denial of membership sales commission and split shift wages was motivated by discrimination. (D.I. 35 at 16.) As set forth above, however, Appellant was not entitled to split shift wages pursuant to local laws and internal policies of the Debtor, Appellant was not denied sales commission, and her remaining claims find no support in the record. (*Id.* at 17.)

On March 17, 2025, this Court issued its Memorandum and Order affirming the Disallowance Order. While Appellant sent various letters to the U.S. Court of Appeals for the Third Circuit (D.I. 41, 43), copies of which were docketed in this Court, Appellant did not file a notice of appeal with respect to this Court's Order affirming the Disallowance Order.

## II. JURISDICTION

The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). "An order allowing or disallowing a claim is a final, appealable

order." *In re Prosser*, 388 F. App'x 101, 102 n.1 (3d Cir. 2010) (quoting *Orsini Santos v. Mender*, 349 B.R. 762, 768 (1st Cir. BAP 2006)).

## III. ANALYSIS

### A. The Motion for Rehearing Pursuant to Bankruptcy Rule 8022 Is Untimely and Fails to Present Grounds for Relief from the Order

Pursuant to Bankruptcy Rule 8022, a motion for rehearing must be filed within 14 days after a judgment on appeal is entered, unless the court orders otherwise. Fed. R. Bankr. P. 8022(a)(1). The Motion for Rehearing (D.I. 38), filed October 23, 2025, was filed more than seven months after the entry of the Court's March 17, 2025 Order affirming the Disallowance Order. The Motion for Rehearing is untimely and may be denied on this basis alone.

Even assuming the Motion for Rehearing had been filed prior to the deadline set forth in Bankruptcy Rule 8022(a)(1), a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court … has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2); *see also* Fed. R. Bankr. P. 8013(a)(2)(A) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument supporting it.") "A motion for rehearing under Bankruptcy Rule 8022 "functions, essentially, like a traditional motion for reconsideration." *Lau v. Bank of America, N.A. (In re Lau)*, 684 F. App'x 235, 239 (3d Cir. 2017). The Third Circuit looks to whether "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented ... by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 239.

While the exact relief sought is unclear, Appellant appears to assert largely the same arguments in the Motion for Rehearing as she does in her appellate briefs—namely that she is

entitled to "split shift" premiums and other wage-related relief under New York law. (*See* D.I. 19 at 1–24.) "A motion for rehearing does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original decision." *In re Lau,* 684 F. Appx at 239. Courts have routinely rejected the grounds asserted here, namely "a request that [the] court rethink a decision already made[.]" *See Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009) (denying a motion for reconsideration where the plaintiff failed to meet the standard imposed by Rule 59(e)); *see also Intel Corp. v. Future Link Sys., LLC*, 2017 U.S. Dist. LEXIS 14352, at *2 (D. Del. Jan. 27, 2017) (denying appellant's motion for reconsideration because appellant "simply repeats arguments that were previously raised . . . and does not add anything that could not have been presented to the Court before…"). "[R]epetition of arguments that were or should have been presented to the court previously" are not proper grounds to reconsider. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom. United States v. Carper*, 22 F.3d 303 (3d Cir. 1994). Here, the Motion for Rehearing disagrees with the Order but does not identify a misunderstanding by the Court or an issue that this Court should not have considered, nor does it assert new facts or set forth any change in the applicable law. Thus, the Motion for Rehearing will be denied.

### B. The Rule 60(b) Motion Is Both Procedurally Improper and Untimely

On or around March 17, 2026, Appellant mailed the Rule 60(b) Motion to the Bankruptcy Court and this Court, and it was docketed on March 26, 2026 (Bankr. D.I. 861) and March 27, 2026 (D.I. 42), respectively, in each case more than a year after this Court's entry of the Order affirming the Disallowance Order. The Rule 60(b) Motion seeks an order vacating or modifying the Order affirming the Disallowance Order pursuant to Federal Rule of Civil Procedure 60(b). (*See* D.I. 42 at 1). Rule 60(b) provides that, upon motion and just terms, a court may relieve a party or its legal representative from final judgment, order, or proceeding for the below reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . .; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### 1. The Rule 60(b) Motion Is Procedurally Improper

The Federal Rules of Civil Procedure do not apply to bankruptcy proceedings unless a rule is made applicable by a provision of the Federal Rules of Bankruptcy Procedure, and pursuant to Bankruptcy Rule 9024(a), "[Rule] 60 applies *in a bankruptcy case*"—not as to judgments or orders of a district court exercising appellate jurisdiction in a bankruptcy case. "When a district court is acting as an appellate court in a bankruptcy case, Bankruptcy Rule 8022 provides the sole mechanism for filing a motion for rehearing." *In re TK Holdings, Inc.*, 2022 WL 17475480, at *1 (D. Del. Dec. 6, 2022) (quoting *U.S. Dep't of Justice v. Hudson*, 2009 WL 7172812, at *3 (N.D.N.Y. July 8, 2009) (addressing predecessor Bankruptcy Rule 8015); *In re Spiegel, Inc.*, 2007 WL 2609966, at *1 (S.D.N.Y. Aug. 22, 2007) (same). Thus, the Rule 60(b) Motion is procedurally improper.

### 2. The Rule 60(b) Motion Is Untimely

Even assuming that the Rule 60(b) Motion is procedurally proper, it is still time-barred.[4] Under Rule 60(c)(1), motions for relief under Rule 60(b) must be filed within a "reasonable time," and a motion seeking relief under Rule 60(b)(1)–(3) must be filed "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). The one-year limitation under Rule 60(c)(1) is an absolute bar and not a statute of limitations subject to equitable tolling. *Colucci v. Beth Israel*

[4] Even assuming the Court were to treat the Rule 60(b) Motion as a Motion for Rehearing, it is, again, untimely. As noted, Bankruptcy Rule 8022 provides that a motion for rehearing must be filed within 14 days after a judgment on appeal is entered, unless the court orders otherwise. Fed. R. Bankr. P. 8022(a)(1). The Rule 60(b) Motion, filed March 27, 2026, was filed more than a year after the Court entered its Order affirming the Disallowance Order on March 17, 2025.

*Med. Ctr.*, 531 F. App'x. 118, 121 (2d Cir. 2013) ("This one-year limitations period is 'absolute.'"); *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment."). Courts have consistently and uniformly held that Rule 60(c)'s one-year limitation is not subject to equitable modification. *See, e.g.*, *United States v. Williams*, 56 F.4th 366, 370, 373 (4th Cir. 2023) ("Rule 60(b)(3)'s one year time limit is a mandatory claim-processing rule that cannot be [equitably] tolled."). Here, the Rule 60(b) Motion was filed 364 days ***after*** the one-year deadline expired with respect to the Disallowance Order, and 10 days ***after*** the one-year deadline expired with respect to the Court's Order affirming the Disallowance Order.

The Rule 60(b) Motion also was not filed within a "reasonable time" for purposes of considering any relief under Rule 60(b)(6). When determining whether a motion satisfies this standard, courts examine factors such as "finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Johnson v. Life Ins. Co. of N. Am.*, 626 F. App'x 379, 383 (3d Cir. 2015). These factors weigh against a conclusion that the Rule 60(b) Motion was filed within a reasonable time. First, Appellant failed to provide any reasonable explanation for her delay. By Appellant's own account, she discovered purportedly new evidence in September or October 2025 (D.I. 42 at 2 (¶ 9)). Even crediting Appellant's own timeline, she waited approximately six months before filing the Rule 60(b) Motion after discovering such evidence, more than one year after entry of this Court's Order, and nearly two years after entry of the Bankruptcy Court Disallowance Order. Second, Claimant had the practical ability to learn of the grounds for the Rule 60(b) Motion far earlier. The arguments raised in the Rule 60(b) Motion, including those concerning the Employee Handbook, NYSB 7096, and Ms. Healon's testimony, were available to Appellant during the Claim Objection proceedings before the Bankruptcy Court and, subsequently, on appeal before this Court. Indeed, Appellant raises the

very same claims that were previously asserted in the Summary Judgment Motion and other pleadings and squarely addressed by the Disallowance Order and the Order. Third, granting the Rule 60(b) Motion would prejudice the Reorganized Debtor. The Chapter 11 Case has been closed for approximately nine months, and the Reorganized Debtor has made distributions to nearly all creditors. Appellant elected not to file a further appeal of this Court's Order affirming the Disallowance Order, and the time to do so has long since expired. The prejudice to the Reorganized Debtor and the interests of finality weigh heavily against permitting Appellant to disturb the settled judgments of two courts years after the fact. In sum, these factors weigh against the conclusion that the Rule 60(b) Motion was filed within a "reasonable time" for purposes of Rule 60(b)(6).

### C. Relief Under Rule 60(b) Is Unwarranted

Even assuming the Court were able to set aside the procedural deficiencies identified herein, the Rule 60(b) Motion must be denied because it fails to justify relief under Rule 60. Like Bankruptcy Rule 8022, Rule 60(b) does not provide a vehicle for relitigating issues that were or could have been raised on appeal and is not a substitute for appellate review. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) ("[A] Rule 60(b) motion may not be used as a substitute for appeal"); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (remedy provided by Rule 60(b) is "extraordinary, and special circumstances must justify granting relief under it."); *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) ("It follows therefore that it is improper to grant relief under Rule 60(b) if the aggrieved party could have reasonably sought the same relief by means of appeal").

Appellant asserts relief from this Court's Order is appropriate on the grounds that: (1) the Court committed significant mistakes in applying New York employment and labor law (*see* D.I. 42 at 3 (¶ 10) and 5 (¶¶ 23-26)); (2) Appellant discovered new evidence that was purportedly not previously available, including specific provisions of the Employee Handbook and NYSB 7096 (*id.*

at 2 (¶ 9); *id.* at 3 (¶ 13); *id.* at 5 (¶¶ 27-30)); and (3) the Reorganized Debtor's witness at the Claims Hearing, Katie Healon, provided false and misleading testimony regarding the definition of a workday, Appellant's employment capacity, and the calculation of pay (*id.* at 4 (¶¶ 15-17)).

**1. Rule 60(b)(1)**

Rule 60(b)(1) is intended to offer movants relief from a final order or judgment due to mistake, inadvertence, surprise, or excusable neglect. Generally, "mistake" under Rule 60(b)(1) provides for the reconsideration of judgments when a party made an excusable litigation mistake or the judge made a substantive mistake of law or fact (for example, applied the wrong statute, ignored binding precedent, or misinterpreted legal standards). *See Kemp v. U.S.*, 596 U.S. 528, 534, 539 (2022) (finding that the district court's misapplication of controlling law was a judicial mistake and "cognizable under Rule 60(b)(1)"); *In re Shannopin Mining Co.*, 2002 WL 31002883, at *25 (W.D. Pa. July 15, 2002) ("[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where (1) a party had made an excusable litigation mistake . . . or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.") (citations omitted). Rule 60(b)(1) does not provide a vehicle for relitigating issues that were or could have been raised on appeal, and a Rule 60(b)(1) motion is not a substitute for further appellate review. *See Smith*, 853 F.2d at 158; *Martinez-McBean*, 562 F.2d at 911.

Appellant contends that the Court "made significant mistakes" in applying New York employment and labor law and simply identifies various broad provisions of New York labor law, such as the entirety of Article 6 (N.Y. Lab. Law, Article 6), that were not previously raised. (*See* D.I. 42 at 3 (¶ 10); *id.* at 5 (¶¶ 23-26).) The Rule 60(b) Motion does not articulate the relevance of these provisions and how they would alter the outcome of the Disallowance Order or this Court's Order affirming it, let alone how these provisions individually or together constitute the types of mistakes that would justify relief under Rule 60(b)(1). The Bankruptcy Court issued a detailed

opinion that addressed substantially all the defects now alleged in the Rule 60(b) Motion, including analyzing Appellant's claims under New York labor law and the Labor Code (including the split-shift pay laws) (Disallowance Order at 4-7) and citing support from a "Sponsor Memo" from NYSB 7096 (*id.* at 5 n.27). This Court considered the Bankruptcy Court's analysis on split-shift pay rules under New York labor law (D.I. 35 at 8-12) and the Bankruptcy Court's analysis regarding NYSB 7096 (*id.* at n.3), and affirmed the Disallowance Order.

Simply put, the "mistake" from Appellant's perspective is the adverse outcome in the Bankruptcy Court and this Court, and the Rule 60(b) Motion is an attempt to relitigate issues—yet again—that have already been resolved.

**2. Rule 60(b)(2)**

Rule 60(b)(2) permits relief based on "newly discovered evidence" that, with reasonable diligence, could not have been discovered in time for the original proceedings. To constitute newly discovered evidence, the evidence must "(1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc., Wang Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995); *see Brown v. William Penn Sch. Dist.*, 2020 WL 4436851, at *3 (E.D. Pa. Aug. 3, 2020) (finding that evidence was "cumulative" when it would "merely reiterate the same" evidence presented at trial). Moreover, courts will generally not consider evidence that was contained in public records at the time of trial as newly discovered evidence. *See Music Rsch., Inc. v. Vanguard Recording Soc'y, Inc.*, 547 F.2d 192, 196 (2d Cir. 1976) (finding that a publicly released record by defendant three months before trial was "hardly the type of evidence with which due diligence the appellants could not have discovered").

The Rule 60(b) Motion asserts in various places that Appellant "discovered new evidence that was not previously available to her, including specific provisions of the Employee Handbook

and New York Senate Bill 7096 ...." (D.I. 42 at 2 (¶ 9); *id.* at 5 (¶ 30); *id.* at 6 (¶ 38)). Excerpts of the Employee Handbook were part of the evidentiary record considered by the Bankruptcy Court in its Disallowance Order. Appellant submitted an excerpt from the "Disaster Pay Policy" section of the Employee Handbook in support of her disaster pay claim. (*See* Bankr. D.I. 838 at 7). Appellant now claims that "specific provisions of the employee handbook" were not previously available but does not articulate which provisions were not available or why they were unavailable or could not be discovered at the time of the original proceedings if Claimant had access to other sections. (D.I. 42 at 3-4 (¶¶ 13-14)). Similarly, NYSB 7096 was public record at the time of the Disallowance Order and this appeal. This Court addressed the lack of legislative history and cited the "Sponsor Memo" from proposed NYSB 7096 as support for its conclusion that the split-shift pay analysis focuses on an individual's working day rather than the calendar day. (*See* Disallowance Order, Bankr. D.I. 861 at n.27; D.I. 35 at n.3). NYSB 7096 was introduced in 2019, well before the Claims Hearing occurred in 2024 and well before both decisions.

Appellant also identifies additional categories of purported "new" evidence, including "pay stubs, employment records, and calculations showing unpaid wages" and "documentation of false testimony by Katie Healon." (D.I. 42 at 4-5 (¶ 20).) Appellant provides no explanation of what the evidence is or why such evidence could not have been earlier obtained with reasonable diligence. Bare references to categories of evidence—and unjustified and unsupported allegations of false testimony—without particularized showing of prior unavailability, are insufficient to satisfy Rule 60(b)(2).

**3. Rule 60(b)(3)**

Rule 60(b)(3) requires clear and convincing evidence of fraud, misrepresentation, or misconduct. *See Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) ("[E]vidence must be clear and convincing."). This standard cannot be satisfied through conclusory allegations. *In re Koper*,

552 B.R. 208, 216 (Bankr. E.D.N.Y. 2016) (movant must do more than make "conclusory allegations of fraud"). To meet this burden, the movant must also demonstrate that the alleged misconduct would have made a difference to advancing the movant's case or changed the outcome of the proceedings. *See Floorgraphics, Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x. 109, 112 (3d Cir. 2011) (relief under FRCP Rule 60(b)(3) may be warranted "if such evidence would have made a difference in advancing the moving party's claim") (internal quotations omitted); *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) ("To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and this conduct prevented the moving party from fully and fairly presenting [their] case."); *In re Koper*, 552 B.R. at 217 (conduct must be "material to the outcome").

Here, Appellant's allegations of fraud against witness Katie Healon are conclusory and wholly unsupported. Claimant alleges "false and misleading representations" regarding the definition of a workday, Appellant's employment capacity, and the calculation of pay, but provides no particularized evidence. Despite these alleged false and misleading representations, Appellant received a copy of the Healon Declaration prior to the Claims Hearing, had the opportunity to cross-examine Katie Healon at the Bankruptcy Court's evidentiary hearing on February 27, 2024, and had an opportunity to object to the introduction of the Healon Declaration into the record. (*See* Feb. 27, 2024 Hr'g Tr. at 11:13–20). Appellant failed to rebut the veracity or admission of the Healon Declaration at the evidentiary hearing, which was admitted into evidence by the Bankruptcy Court without objection. (*Id.*). Appellant may not relitigate the merits of her claims by recasting unchallenged testimony as fraudulent.

**4. Rule 60(b)(6)**

Finally, Rule 60(b)(6) allows a movant to pursue relief from a final judgment or order for any other reason that justifies relief. The United States Supreme Court has consistently held that

only "extraordinary circumstances" can justify relief under Rule 60(b)(6) and should only be granted when appropriate to accomplish justice. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988) (holding Rule 60(b)(6) "should only be applied in extraordinary circumstances"); *Klapprott v. U.S.*, 335 U.S. 601, 614 (1949) (Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice").

No such extraordinary circumstances are present here. Appellant has had ample opportunity to be heard on her claims before both the Bankruptcy Court and this Court, to submit pleadings in furtherance of her positions, and an opportunity to appeal adverse outcomes. Under these circumstances, where Appellant has been afforded due process, Rule 60(b) cannot be used to advance substantially the same arguments previously asserted without success. Moreover, Rule 60(b)(6) is mutually exclusive with subsections (1) through (5). *See BLOM Bank SAL*, 605 U.S. at 211 ("Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs."); *Kemp*, 596 U.S. at 533 (relief under Rule 60(b)(6) is available "only when [the relief specified under] Rules 60(b)(1) through (b)(5) are inapplicable"). The residual clause permitting relief for "any other reason that justifies relief" requires that the motion be based on some ground other than those addressed by subsections (b)(1)–(5). Because Appellant's Rule 60(b)(6) arguments are substantively identical to her arguments under Rule 60(b)(1) and (2), relief under Rule 60(b)(6) is inappropriate.

For the foregoing reasons, the Rule 60(b) Motion will be denied.

### D. The Motion to Transfer

Section 1404(a) of title 28 permits transfer of a pending "civil action"; it does not permit transfer of a closed case in which final judgment has been entered and the time to appeal has run. 28 U.S.C. § 1404(a). Moreover, an appeal from an order of the United States Bankruptcy Court for

the District of Delaware lies only in this Court or the Third Circuit. 28 U.S.C. § 158(a). No court in New York could have heard this appeal in the first instance, and none can revisit this Court's Order now. The Court agrees that the Transfer Motion is frivolous on its face. Accordingly, the Motion to Transfer will be denied.

**E. The Motion to Strike and Enjoin**

In its objection to the Rule 60 Motion, the Reorganized Debtor reserved "the right to file a motion seeking sanctions against [Appellant] for vexatious litigation to the extent [Appellant] continues filing meritless pleadings." (D.I. 44 ¶ 32.) Appellant thereafter filed the Transfer Motion.

The Reorganized Debtor has filed a motion (D.I. 48) (the "Motion to Strike and Enjoin") seeking, *inter alia,* an order: enjoining Appellant from filing any further motions, letters, or other papers in this proceeding without first obtaining leave of this Court by way of a short letter application demonstrating that the proposed filing is not repetitive of matters already adjudicated; directing the Clerk to receive but not docket any non-compliant submission, or to docket it as a "received" item only, pending the Court's review; and providing that the Reorganized Debtor shall have no obligation to respond to any submission by Appellant in this civil action unless and until the Court so directs. The Reorganized Debtor therefore seeks a pre-filing injunction.

Federal courts possess inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," including the power to control their dockets and to address abusive litigation conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks omitted). Because a pre-filing injunction is "an exception to the general rule of free access to the courts," however, it must satisfy three requirements: "(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly

tailored to fit the specific circumstances of the case." *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013).

The Court observes that, at this point, Appellant has had a full and fair opportunity to litigate her claims: an evidentiary hearing before the Bankruptcy Court; a written opinion disallowing the claims; a plenary appeal to this Court with full briefing; and a seventeen-page Opinion affirming the Bankruptcy Court in every respect; and, now, this Memorandum considering various motions on the merits despite the fact that they are procedurally improper and untimely. Appellant has elected not to seek review by appealing to the Third Circuit, yet she has filed four post-judgment submissions in eighteen months, each of which reargues matters already decided and none of which identifies a cognizable basis for disturbing the Disallowance Order or Order. Meanwhile, the Reorganized Debtor continues to incur professional fees—borne ultimately by its stakeholders—responding to these filings. The Court does not expect this pattern to continue.

Because the Court is issuing this Memorandum prior to the deadline for Appellant's response to the Motion to Strike and Enjoin, the Court does not enjoin Appellant from future filings at this time. The Court will, however, grant the Reorganized Debtor limited relief from the obligation to respond to any future submission by Appellant in this proceeding unless and until the Court so directs.

## IV. CONCLUSION

Accordingly, the Motion for Rehearing, Rule 60(b) Motion, and Motion to Transfer will be denied. An appropriate Order follows.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE